B. M. SHAFFNER, for plaintiff in error.

ISIDORE FRIED, for defendants in error.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 385*—*when evidence is insufficient to sustain verdict for plaintiffs in action to recover for services rendered.* In the absence of any evidence offered by the plaintiffs in support of their action, and upon the uncontradicted evidence offered by the defendant in support of his defense, *held* that a judgment for the plaintiffs was erroneous in an action to recover for services rendered in moving furniture.

2. CONTRACTS, § 70*—*what is valid consideration for promise.* A promise constitutes a valid consideration for a promise.

---

## Washingtonian Home of Chicago, Appellee, v. City of Chicago, Appellant.

### Gen. No. 23,025.  (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.   Heard in the Branch Appellate Court.   Reversed.   Opinion filed March 20, 1917.

### Statement of the Case.

Suit by Washingtonian Home of Chicago, a corporation, complainant, against the City of Chicago, defendant, to enjoin the enforcement against complainant of a certain ordinance of the defendant requiring the installation in nonfireproof buildings more than two stories in height of certain fire apparatus.  From

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

an interlocutory order of injunction against the defendant, defendant appeals.

SAMUEL A. ETTELSON, for appellant; MORTON S. CRESSY, DANIEL WEBSTER and WILBUR F. HARTMAN, of counsel.

A. W. MARTIN and EDWARD H. S. MARTIN, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 190*—*when bill insufficiently alleges financial inability of complainant to comply with ordinance as to fire apparatus in building.* The allegations in complainant's bill *held* to be insufficient to show complainant's financial inability to comply with defendant's ordinance requiring certain fire apparatus in certain buildings of the class to which complainant's building belonged.

2. INJUNCTION, § 185*—*what allegations of irreparable damage are necessary.* General allegations only of irreparable damage as a basis for an injunction are insufficient; the bill should recite facts and circumstances from which it clearly appears irreparable injury will follow unless the injunction is granted.

3. INJUNCTION, § 185*—*when averment in bill does not ipso facto imply irretrievable damage.* The averment in a bill for an injunction that the defendant has threatened and continues to threaten to close complainant's building if a certain ordinance applicable to such building is not complied with by complainant, does not *ipso facto* imply irretrievable damage.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.